IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LINDA HARTMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV291 |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **TRANSWOOD, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 4(m) which establishes the following time limit for service of process on a defendant in a civil case:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

On June 20, 2005, the Clerk of Court issued a summons form to the plaintiff for service of process on the defendant. The deadline for service of process expired on or about October 20, 2005, and the court's records show no proof of service of process on the defendant. The court then issued an Order to Show Cause why this case should not be dismissed for failure to obtain service of process on any defendant (Filing No. 5). The plaintiff has not responded, and the deadline to show cause has passed.

Therefore, pursuant to Fed. R. Civ. P. 4(m), the plaintiff's complaint and the above-entitled action are dismissed without prejudice. A separate judgment will be entered accordingly.

DATED this 14th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE